## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

v.

BRIDGEWATER INTERIORS, L.L.C.,
a joint venture of Johnson Controls,

        Defendant.
_____/

CASE NO.

Hon.

COMPLAINT AND JURY
TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Michael Christopher, who was adversely affected by such practices. The Commission alleges that Defendant, Bridgewater Interiors, L.L.C., a joint venture of Johnson Controls, subjected Michael Christopher to unlawful discrimination by denying him promotional opportunities to a Maintenance Technician position on the basis of his race, African American.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Bridgewater Interiors, L.L.C., (the "Employer") has been a Michigan corporation doing business in the State of Michigan, City of Warren, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Michael Christopher ("Christopher") filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 30, 2005, Defendant Employer has engaged in unlawful employment practices at its Warren, Michigan facility in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). These practices include denying Christopher promotional opportunities to the Maintenance Technician position on the basis of his race, African American.

8. The effect of the practices complained of in paragraph 7, above, has been to deprive Christopher of equal employment opportunities and otherwise adversely affect his status as an employee.

9. The unlawful employment practices complained of in paragraph 7, above, were

2

and are intentional.

10. The unlawful employment practices complained of in paragraph 7, above, were and are done with malice or with reckless indifference to the federally protected rights of Christopher.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in race discrimination.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment and promotional opportunities for African-American employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Christopher by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to immediately promoting Christopher to a Maintenance Technician position or providing him with appropriate front pay until such time that he is promoted to a Maintenance Technician position.

D. Order Defendant Employer to make whole Christopher, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, above, in amounts to be proven at trial.

E. Order Defendant Employer to make whole Christopher by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in

paragraph 7, above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be proven at trial.

F. Order Defendant Employer to pay Christopher punitive damages for its malicious or reckless conduct described in paragraph 7, above, in amounts to be proven at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

DATED: June 2, 2008

LAURIE A. YOUNG
Regional Attorney

DEBORAH M. BARNO (P44525)
Supervisory Trial Attorney

NEDRA CAMPBELL (P58768)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

DETROIT FIELD OFFICE
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Telephone: (313)226-4620
e-mail: nedra.campbell@eeoc.gov

4